Jason Harrow
(Cal. Bar No. 308560)
GERSTEIN HARROW LLP
3243B S. La Cienega Blvd.
Los Angeles, CA 90016
jason@gerstein-harrow.com
(323) 744-5293

Charles Gerstein
(*pro hac vice application forthcoming*)
GERSTEIN HARROW LLP
611 Pennsylvania Ave SE, No. 317
Washington, DC 20003
charlie@gerstein-harrow.com
(202) 670-4809

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| PROGRESSIVE DEMOCRATS FOR SOCIAL JUSTICE, a Democratic Club Chartered by the Santa Clara County Democratic Party; KRISTA HENNEMAN; and CARLIE WARE,<br><br>Plaintiffs,<br><br>vs.<br><br>ROB BONTA, in his official capacity as Attorney General for the State of California,<br><br>Defendant. | Case No. 21-cv-3875<br><br>**COMPLAINT**<br><br>**Date: May 24, 2021** |

**Preliminary Statement**

1. California law criminalizes any solicitation of political contributions among employees of the same local government agency. But California law explicitly allows solicitation of political contributions among employees of the same *state* agency. Plaintiffs Carlie Ware and Krista Henneman are county employees, and Plaintiff Progressive Democrats for Social Justice is an organization many of whose members are county employees. Plaintiffs wish to solicit political contributions from fellow county employees to support the anticipated candidacy of another county employee for District Attorney of Santa Clara County. Because California law criminalizes the speech of county employees while protecting materially identical speech voiced by identically situated people, California law violates the First Amendment and the Equal Protection Clause. Plaintiffs bring this Action against Attorney General Rob Bonta seeking an injunction forbidding enforcement of California law against them.

**Parties**

2. Plaintiff the Progressive Democrats for Social Justice ("the Club") is a Democratic Club chartered by the Democratic Party of Santa Clara County, California. The Club was founded in light of the turmoil of 2020 and the increasing support in Santa Clara County for progressive ideals. The principal purposes of the Club include identifying and support truly progressive candidates for elective office and inspiring grassroots participation in the political process.

3. Plaintiff Krista Henneman is a public defender in Santa Clara County, California, and the founder and president of the Club.

4. Plaintiff Carlie Ware is a public defender in Santa Clara County, California, and the secretary of the Club.

## Jurisdiction

5. Plaintiffs bring this case under 42 U.S.C. § 1983 and the United States Constitution. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331.

## Venue

6. Venue is proper in this district because Plaintiffs want to solicit funds in this district to support a candidate for office in Santa Clara County, which is within this district.

## Intradistrict Assignment

7. This case is properly assigned to the San Jose Division because Plaintiffs want to solicit funds in this division to support a candidate for office in Santa Clara County, which is within this division.

## Plaintiffs' Anticipated Political Speech

8. The Club's mission includes, among other things, supporting progressive candidates for office.

9. One of the ways the Club forwards this mission is by soliciting donations and asking its members to solicit donations to progressive political campaigns, both among its members and from other members of the community in Santa Clara County and elsewhere.

10. The Club has a foundational interest in supporting a truly progressive candidate for district attorney of Santa Clara County, and many of its members would endorse and financially support a progressive candidate for district attorney as soon as a candidate were to establish a formal campaign.

11. A prospective candidate has expressed a serious interest in declaring candidacy and is expected to make that decision on or about July 1, 2021.

12. Working with Plaintiffs, the prospective campaign is currently compiling a list of people to email, call, visit, and ask for campaign contributions to support the candidacy.

13. Because forty-three percent of the Club's members are County employees, and because Santa Clara County is the third-largest single employer in Santa Clara County, the Club's membership cannot access what it views to be its most fertile source of potential grassroots campaign financing unless county employees are able to solicit contributions from other county employees.

14. Neither Ware nor Henneman want to solicit campaign contributions while at work, using work resources, or relying on their official titles.

15. Neither Ware nor Henneman have supervisory authority over other county employees, and if they ever get it, they will not seek to solicit campaign contributions from those over whom they have supervisory authority.

16. On information and belief, the other county-employee members of the Club do not want to solicit campaign contributions at work, using work resources, or relying on their official titles.

17. On information and belief, the other county-employee members of the Club do not want to solicit campaign contributions from those over whom they have supervisory authority.

**Plaintiffs' Fear of Prosecution Silences Them**

18. On August 11, 2020, Santa Clara County counsel distributed a memorandum to all County employees titled "Re Campaign Activities by County Employees."

19. The memorandum read: "Government Code 3205 prohibits County officers or employees, including office holders or candidates for office, from soliciting political contributions directly or indirectly from other County officers of employees

with knowledge that the person from whom the contribution is solicited is an officer or employee of the County. A violation of this section is punishable as a misdemeanor. However, there is an exception to this prohibition if the solicitation is part of a broader solicitation made to a significant segment of the public. For example, a County employee running for County office, who is also a Santa Clara University alumnae, may broadly solicit campaign contributions by email from all Santa Clara University alumni, even if some of the alumni are County officers or employees."

20. In light of the memorandum and the text of Government Code § 3205, Plaintiffs reasonably fear criminal prosecution if they solicit campaign contributions via person-to-person or small-group solicitations to other County officers or employees.

21. In further response to this memorandum and the prohibition in Government Code § 3205, the anticipated campaign, alongside the Plaintiffs, is maintaining a separate list of people whom it knows to be County employees, and whom it would call to solicit contributions if California law did not criminalize doing so. Plaintiffs will not engage in solicitations of people on this list until they are certain that doing so will not subject them to criminal liability.

22. Although Plaintiffs plan to send out general solicitations for campaign funds, Plaintiffs believe that person-to-person or small-group requests are significantly more likely to succeed.

## Claims for Relief

*Count One:* **Violation of First Amendment Rights Under 42 U.S.C. § 1983 and The United States Constitution**

23. Plaintiffs incorporate all prior paragraphs by reference.

24. California law criminalizes county employees soliciting political contributions from county employees of the same agency.

25. The First Amendment permits the government to impose an *ex ante* restriction on public-employee political speech only where the restriction is closely drawn to forward an actual interest in government functioning.

26. California law explicitly allows state employees to solicit political contributions from other state employees of the same agency.

27. State and local employees are identically situated for all purposes relevant to restrictions on in-office political speech.

28. California law, therefore, cannot possibly be closely drawn to forward an actual interest in government functioning because the State has concluded that its operations would *not* be impeded by the absence of such a restriction.

29. The law, therefore, violates the First Amendment.

*Count Two*: **Violation of the Equal Protection Clause Under 42 U.S.C. § 1983 and the United States Constitution**

30. Plaintiffs incorporate all prior paragraphs by reference.

31. California law criminalizes county employees soliciting political contributions from county employees of the same agency.

32. California law explicitly allows state employees to solicit political contributions from other state employees of the same agency.

33. State and local employees are identically situated for all purposes relevant to restrictions on in-office political speech.

34. California law, therefore, discriminates among identically situated people in a way that restricts their fundamental rights in violation of the Equal Protection Clause of the United States Constitution.

**Prayer for Relief**

Plaintiffs the Progressive Democrats for Social Justice, Carlie Ware, and Krista Henneman respectfully request:

- An injunction forbidding Defendant Attorney General Rob Bonta from enforcing California Government Code § 3205 against Plaintiffs or any of the members of the Club;
- A declaratory judgment that California Government Code § 3205 is unconstitutional because it violates the First Amendment or the Equal Protection Clause or both;
- An award of reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988 or any other applicable provision; and
- Any other relief deemed just and proper.

Respectfully submitted,

*/s/ Jason Harrow*
Jason Harrow
(Cal. Bar No. 308560)
GERSTEIN HARROW LLP
3243B S. La Cienega Blvd.
Los Angeles, CA 90016
jason@gerstein-harrow.com
(323) 744-5293

Charles Gerstein
(*pro hac vice application forthcoming*)
GERSTEIN HARROW LLP
611 Pennsylvania Ave SE, No. 317
Washington, DC 20003
charlie@gerstein-harrow.com
(202) 670-4809

*Attorneys for Plaintiff*